**BROWN & CONNERY LLP**
William F. Cook, Esquire
Brianna M. Morello, Esquire
360 North Haddon Avenue
Westmont, New Jersey 08108
*Attorneys for Cherry Hill Township*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DENISE WILLIAMS,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**TOWNSHIP OF CHERRY HILL and CHRISTIANA T C/F CE1/FIRSTRUST BANK,**<br><br>**Defendants.** | Removed from the Superior Court of New Jersey, Law Division, Civil Part Camden County<br><br>CAM-L-002730-25<br><br>**NOTICE OF REMOVAL** |

TO:    Clerk of the Court
       United States District Court for the District of New Jersey
       Mitchell H. Cohen Building & U.S. Courthouse
       4th and Cooper Streets
       Camden, New Jersey 08101

**PLEASE TAKE NOTICE** that Defendant Cherry Hill Township, by and through their undersigned counsel, hereby remove this matter pursuant to 28 U.S.C. §§ 1331, 1441, and 1446 from the Superior Court of New Jersey, Law Division, Camden County (the "State Court") to the United States District Court for the District of New Jersey, Camden Vicinage.

In support of this Notice of Removal, the Borough respectfully states as follows:

## BACKGROUND

1.    On August 15, 2025, Plaintiff filed a Complaint in the Superior Court of New Jersey, Law Division, Civil Part, Camden County (Ex. A, State Court Complaint).

2.     On January 21, 2026, Defendant Cherry Hill Township was served with the State Court Complaint (Ex. B, Summons).

3.     Plaintiff alleges violations of federal law, including but not limited to federal due process requirements set forth in <u>Mennonite Board of Missions v. Adams</u>, 462 U.S. 791 (1983) (<u>see</u> State Court Complaint, ¶ 50).

4.     The matter will further involve the assertion of federal defenses, including but not limited to qualified immunity, as well as other defenses to constitutional liability.

## <u>BASIS FOR REMOVAL</u>

5.     This Court has original jurisdiction over the above-captioned matter under the provisions of 28 U.S.C. § 1331 because the Complaint alleges violations of the laws of the United States.

6.     The pending action is a civil action of which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331 and is one which may be removed to this Court by the Township pursuant to the provisions of 28 U.S.C. § 1441, including §§ 1441(b) and 1441(c).

7.     This Court has supplemental jurisdiction over the remaining counts of the Complaint under 28 U.S.C. § 1367 because they arise from the same case or controversy.

## <u>REMOVAL IS TIMELY</u>

8.     This Notice of Removal is being filed within thirty (30) days of January 21, 2026, the date on which the Township was served with the State Court Complaint.

9.     Pursuant to Fed. R. Civ. P. 6(a) and 28 U.S.C. § 1446(b), this Notice of Removal is timely.  <u>See</u> <u>Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344 (1999).

## **VENUE IS PROPER**

10.    The United States District Court for the District of New Jersey is the federal judicial district embracing the State Court where Plaintiff originally filed this suit.

## **STATE COURT NOTIFICATION AND NOTICE TO ALL COUNSEL OF RECORD**

11.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on all counsel of record and will be filed with the State Court.

## **MISCELLANEOUS**

12.    As this matter is not solely removed under 28 U.S.C. § 1441(a), consent of other defendant(s) is not required.  See 28 U.S.C. § 1446 (b)(2)(A).

13.    No admission of fact, law, or liability is intended by this Notice of Removal and the Township expressly reserves all defenses, affirmation of defenses, and motions.

**WHEREFORE,** the Township, by and through its undersigned counsel, and through the filing of this Notice of Removal, serving of a copy of this Notice of Removal on all counsel of record, and filing of a copy of this Notice of Removal with the Clerk of the State Court, effects the removal of said civil action to this Honorable Court.

Respectfully submitted,

**BROWN & CONNERY, LLP**
*Attorneys for the Township of Cherry Hill*

Dated:  January 28, 2026            By:  _s/ William F. Cook_

William F. Cook, Esquire

3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 28, 2026, the foregoing Notice of Removal was electronically filed with the United States District Court for the District of New Jersey *via* the CM/ECF system.  I further certify that on January 28, 2026, the foregoing Notice of Removal is being served on all counsel of record via e-mail, as follows:

Robert H. Bembry, III, Esquire
50 South 16th Street, Suite 1700
Philadelphia, PA 19102
rbembry@bembrylaw.com

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Respectfully submitted,

Dated:  January 28, 2026                     By:  s/ *William F. Cook*
                                                          William F. Cook, Esquire

**EXHIBIT A**

Robert H. Bembry, III
Attorney I.D. No.: 019771989
50 South 16th Street, Suite 1700
Philadelphia PA 19102
215 910 1032 tel / 215 464 8626 fax

| | | |
|---|---|---|
| Denise Williams | : | Superior Court of New Jersey |
| | : | Civil Division, Camden County |
| vs | : | |
| | : | No. |
| Township of Cherry Hill and Christiana | : | |
| T C/F CE1/Firstrust Bank | : | |

## *Complaint*

Plaintiff, Denise Williams, brings a claim against Defendants, Township of Cherry Hill and Christiana T C/F CE1/Firstrust Bank, pursuant to NJ Rev Stat § 54:5-82 (2024), of which the following is a statement:

### *Jurisdiction and Venue*

1.    This Court has jurisdiction to hear this Complaint and adjudicate the claims stated herein pursuant to NJ Rev Stat § 54:5-82 (2024).

2.    Venue is proper in this Court pursuant to New Jersey R. 4:3-2(a)(1).

3.    The acts set forth in this Complaint were authorized, ordered, condoned, ratified, and/or done by officers, agents, employees and/or representatives of defendants, while actively engaged in the management of defendants' business and pursuant to defendants' official policies and customs.

### *Parties*

4.    Plaintiff Denise Williams is a Black female who owns real property located at 1138 Winding Drive, Cherry Hill, New Jersey 08003.

5.      Defendant Township of Cherry Hill (the "Township") is a municipal corporation and corporate body politic organized pursuant to the Constitution and laws of Camden County, located in the State of New Jersey, with offices located at 820 Mercer Street, Cherry Hill, New Jersey, 08002.

6.      Defendant Christiana T C/F CE1/Firstrust Bank (the "Bank") is an instrumentality of Firstrust Bank, the largest family-owned financial institution in the Philadelphia region and a leader in tax lien certificate financing.  The Bank's corporate headquarters are located at 15 E. Ridge Pike, Conshohocken, Pennsylvania 19428.

### Background Facts

7.      In March 2009, Williams obtained a building permit to construct her dream home at 1138 Winding Drive, Cherry Hill (the "Property").

8.      The original construction permit listed an expiration date of 2012, but was extended to December 31, 2015, pursuant to the Permit Extension Act, N.J.S.A. 2A:58-10 to -12.

9.      Despite interference from the Township and its agents, by in or about 2015, the foundation was laid, the house was fully framed, an Advantech subfloor was installed, and a Carlisle TPO engineered roof system with a 30-year warranty was constructed. Williams expended substantial funds to improve the Property and for related excavation, architecture, engineering, and construction fees and costs.

10.      In 2017, the Township issued to Williams a Notice of Violation and Order to Terminate pursuant to N.J.A.C. 5:23-2.16(f)(1)(ii) for failure to have completed construction, a Notice of Order and Penalty pursuant to N.J.A.C. 5:23-2.31(e) for failure to comply with a notice, and a Notice and Order of Penalty pursuant to N.J.A.C. 5:23-2.31(e) for unsafe structure.

However, in or about May 2017, the Township confirmed there were no safety issues with the structure of the building.

11.     On or about August 8, 2017, the Township issued Notices of Abatement acknowledging Williams had resolved all violations, including fixing an area of the fence that had fallen, and abating all outstanding penalties.  She also cured concerns about the progress of the construction by submitting construction permit applications and securing a new construction permit for exterior work.

12.     In November 2017, after months of discussion amongst the parties, with input from the Department of Community Affairs, Williams' construction permit application was deemed to be complete.  She was advised that she could use her original plans supplemented with additional information she supplied regarding mechanical, electrical, plumbing, and smoke alarms.  The Township's construction code official was satisfied the submission complied with the UCC and assured her the Township would issue her permits.

13.     On November 30, 2017, the Township issued a construction permit to allow Williams to perform exterior work only on the building, depsite its prior assurances that her construction permit application for all work was complete.

14.     On or about December 18, 2017, the Township construction code official told Williams new permits for work not covered by the exterior permits would be issued after the year-end holidays.

15.     Throughout 2018, Williams continued her efforts to complete her dream home on the Property, only to be repeatedly stymied by the Township.

16.     In February 2019, the Township contradicted the construction code official's earlier representations, asserted Williams' application was deficient, issued an unjustified

"correction list", and imposed the new requirement that she seek zoning approval. Despite her repeated efforts to address the ever-changing requirements imposed by the Township, the Township never again confirmed her application was complete and never issued new construction permits.

17.     However, instead of issuing the permits as promised, the Township contacted the local utility companies to disconnect services to the Property, and sought to impose punitive and excessive fines against Ms. Williams related to the abated 2017 notices of violations, in the amount of $152,000, which the Superior Court of New Jersey reduced to $26,000.

18.     On July 19, 2018, the Township issued a series of notices, including a Notice of Unsafe Structure, alleging water damage, mold and water damage to the wood framing, flooring, and exterior sheathing.

19.     Williams timely appealed the validity of the 2018 Notice of Unsafe Structure to the Camden County Construction Board of Appeals ("CCCBA"). On November 7, 2018, the CCCBA met to determine the validity of the 2018 Notice of Violation and Stop Construction Order, Notice of Unsafe Structure, and Notice and Order of Penalty. In a written decision, the CCCBA dismissed the Notice of Unsafe Structure and Notice and Order of Penalty against Williams, finding that the structure on the Property was safe.

20.     On or about January 25, 2019, the Township issued duplicative Notices of Violations and Orders and Penalty Nos. V-19-005 and V-19-006, alleging that Williams failed to comply with previous notices, worked without a valid permit and alleging, without evidence, the property was unsafe due to water damage. Williams' appeal of these notices to the CCCBA was stayed pending resolution of her challenge to the initial notices.

21.     On February 25, 2019, Williams filed a complaint in lieu of prerogative writ against the Township of Cherry Hill and the CCCBA, seeking, in part, to stop the Township from interfering with the construction of her home on the Property. *See Denise Williams v. Township of Cherry Hill*, *et al.*, Docket No. CAM-L-769-19.

22.     Throughout 2019, 2020 and 2021, and continuing through the date of the demolition of the Property on January 26, 2023, Williams sought to vindicate her statutory and constitutional rights in the face of the Township's unconstitutional, unlawful and discriminatory conduct and repeated illicit attempts to demolish her home.  The Township continued to issue violation notices that were duplicative of or contingent upon the propriety of notices issued in prior years, despite active litigation pending with respect to the previously issued notices.

23.     In June 2019, the Township filed a Complaint in Lieu of Prerogative Writ in the Superior Court of New Jersey and an application for an Order to Show Cause, captioned *Township of Cherry Hill v. Denise Williams*, Docket No. CAM-L-2436-19.  The Township filed the action to request the court's permission to demolish the structure on the Property and asserted two alleged bases for this extreme action: a) the structure was unsafe and a danger to the public; and b) the Township had the right to demolish the structure because Williams had not renewed the construction permits, and thus had not complied with the Township's permit requirements.

24.     Following a trial, on October 2, 2019, Judge Kassel rejected the Township's attempt to demolish the structure on the Property.  Judge Kassel issued an Order that set forth the procedure the Township was required to follow before it could proceed with demolition. The Order stated that before the Township could proceed with demolition, Williams should have at least sixty (60) days to: "(A) satisfy any monetary fine and/or judgment entered relative to [the Property]; and (B) obtain a valid construction permit for the completion of the building located at

1138 Winding Dr., Cherry Hill."  (A true and correct copy of the October 2, 2019 Order is attached as **Exhibit A** and made a part hereof**).**  The Court also ordered a procedure for future disputes between the parties and stated that if the Township wanted to seek an order of demolition in the future, it would be permitted to do so, but that Williams would have the opportunity to rebut the contentions of the Township.  *Id.*

25.     After the entry of the October 2, 2019 Order, the Township thwarted and obstructed Williams's good faith efforts to obtain necessary permits.

26.     On January 21, 2022, under the pretense that Williams had failed to pay certain fines, the Township filed yet another Complaint in Lieu of Prerogative Writ against Williams and Order to Show Cause, under yet another docket number, to, among other things, seek an order authorizing the Township to demolish the structure.  *See Township of Cherry Hill v. Denise Williams*, Docket No. CAM-L-183-22.

27.     The Township's allegation that Williams did not pay the fine was false.  On December 20, 2021, Williams had tendered a check in the amount of $26,000.00 made payable to "Cherry Hill Township" in compliance with Judge Kassel's October 2, 2019 Order. (*See* **Exhibit B** attached hereto and made a part hereof).

28.     On April 29, 2022, Judge Kassel denied the Township's "request for a court order that allows them to destroy" the structure and granted Williams' cross-motion to dismiss, concluding as a matter of law that the Township could not move to demolish an incomplete structure in a summary hearing pursuant to N.J. Court <u>Rule</u> 4:67-1(a).  Judge Kassel issued an Order explicitly rejected the Township's pretextual safety concerns, and denied the Township permission to demolish the structure on the Property.  (*See* **Exhibit C** attached hereto and made a part hereof).

29.     Undeterred by the clear language of the Order dated April 29, 2022, on or about June 15, 2022, the Cherry Hill Council approved a Resolution authorizing the Township construction code official to issue an order of demolition for the Property, "upon the advice of Special Litigation Counsel.

30.     Nothing in the April 29, 2022 Order authorized the demolition of the Property. To the contrary, the April 29, 2022 Order prohibited the demolition of the Property.  Two prior court orders expressly refused to give the Township permission to demolish the Property. Indeed, the Court cautioned that "if the Township feels as though they have the authority to proceed, they will be doing so at their own peril and not by an order from the court."

31.     On June 27, 2022, Williams spoke with the Township construction code official and informed him she would personally submit the sub-code applications for electric, plumbing, building mechanical, and fire protection the next day.  She also told him she was in the process of renewing the septic removal and Camden County Soil Conservation permits.  Little did she know her applications would be dead on arrival, because the Township construction code official failed to tell her during the conversation about the June 15, 2022 Resolution.

32.     On July 8, 2022, the Township sent an email to Williams with an attachment titled "Order to Demolish the Structure," dated July 7, 2022, advising Williams she was required to demolish her home by July 29, 2022, and that if she did not, the Township would demolish it (the "Email Notice").  (*See* **Exhibit D** attached hereto and made a part hereof).

33.     On July 28, 2022, to protect her Property and vindicate her civil, statutory, and constitutional rights, Williams filed an Order to Show Cause in the previously filed action, *Township of Cherry Hill et al. v. Denise Williams*, Docket No. CAM-L-769-19, seeking a

declaration that the Email Notice violated state and municipal law, and that the Township's

denial of her construction permits was arbitrary and capricious as a matter of law.

34.    The Superior Court issued an Order to Show Cause, directing that the Township

appear and show cause why it should not be enjoined from proceeding with the demolition and

be compelled to "consider [Williams'] permit application in an impartial, nondiscriminatory

professional manner."

35.    In the July 28, 2022 Order, Judge Kassel temporarily enjoined and restrained the

Township from "[e]xecuting any demolition order at any time when the July 7, 2022 letter,

which included an order to the Township to demolish her unfinished home by July 29, 2022 is

under administrative appeal at the Camden County Construction Board or under judicial review

by this Court or is under this Court's continuing jurisdiction." (A true and correct copy of the

July 28, 2022 Order is attached hereto as **Exhibit E** and made a part hereof).

36.    On September 9, 2022, Williams filed a new complaint in lieu of prerogative writ

against the Township, Kuhn, and the CCCBA, challenging the Email Notice, the failure to

consider her construction permit applications, the refusal of the CCCBA to hear the appeal, the

Township's interpretation of N.J.A.C. 5:23-2.16(f) and N.J.S.A. 52:27D-131, and the

Township's actions as violations of the New Jersey Civil Rights Act.  *See Williams v. Township

of Cherry Hill, et al.*, Docket No. CAM-L-2359-22.

37.    On September 15, 2022, Judge Kassel continued the temporary restraints through

the appeal but denied the application for preliminary injunctive relief, finding that there was no

irreparable harm if the Township demolished the building because if they did so in violation of

the law, they would be required to pay monetary damages.  In entering the Order, Judge Kassel

explained that his decision should not be construed such that it disturbs, modifies, or alters the

April 29, 2022 Order, which denied the Township's application for permission to demolish the building.  (A true and correct copy of the September 15, 2022 Order is attached hereto as **Exhibit F** and made a part hereof).

38.     On December 20, 2022, Williams filed a new emergent application to stop the demolition by filing an Order to Show Cause in the matter captioned *Williams v. Township of Cherry Hill et al.*, Docket No. CAM-L-769-19.

39.     On December 21, 2022, Judge Kassel entered an order requiring the parties to "show cause" why the Court should not adjudge and declare that "the order of demolition of the Property is deficient and violates the Township's Property Maintenance Regulations, and State Law" among other relief.  The Court denied the request for temporary restraints.  (A true and correct copy of the December 21, 2022 Order is attached hereto as **Exhibit G** and made a part hereof).

40.     During a January 19, 2023 conference call with counsel for the Township, among others, Judge Kassel denied the Township's request to allow a contractor hired by the Township to demolish the Property.  During the call, Judge Kassel also explicitly told the Township's counsel he "was not doing anything" prior to the February 17, 2023 conference, and warned the Township that the Court was concerned about several "procedural irregularities" in the Township's application. The Court informed the parties he would address the merits of the demolition issue at the scheduled February 17, 2023 return date.  In a January 25, 2023 court notice, the Court reminded the Township of the pending Order to Show Cause Hearing, then scheduled for February 17, 2023.  (*See* **Exhibit H** attached hereto and made a part hereof).

41.     Despite the total absence of support for the Township's misrepresentation that a purported "safety" issue justified demolition of the Property; despite the absence of an Order or

any approval from any court to demolish the Property; despite there never having been any evidentiary hearing to determine the validity of the Email Notice; despite the Township's racially discriminatory animus and manufactured safety concern that demolition was warranted due to the mere presence in the predominantly White neighborhood of Hispanic and Black people, which allegedly caused the neighbors to become alarmed; and in violation of Judge Kassel's October 2, 2019 and April 29, 2022 Orders, and January 19, 2023 directive; in the pre-dawn hours of January 26, 2023, the Township's contractor began demolition of the structure on the Property.

42.     After the demolition, on or about May 20, 2023, Williams received a document from the Township dated May 11, 2023 entitled "FINAL DELINQUENT NOTICE advising that in order to avoid a tax sale, she was required to pay the sum of $187,582.11 by May 18, 2023, which included $170,343.33 in "special charges" for the cost of the Township to demolish Williams's home.  This tax bill did not include any adjustment or modification in light of the demolition of the improvements on the Property.  The tax sale was scheduled and proceeded on June 28, 2023., such that defendants successfully have taken steps to cloud title to the Property. (*See* **Exhibit I** attached hereto and made a part hereof).

43.     The "special charges" for the demolition of the Property were not listed on Williams' April 2023 tax bill.  (*See* **Exhibit J** attached hereto and made a part hereof).

44.     On June 13, 2023, the Township sent Williams a document entitled "TAX SALE NOTICE," stating that the Tax Sale was scheduled for June 28, 2023, and would occur unless by June 27, 2023, she paid the amount of $191,366.64 claimed due and owing.  (*See* **Exhibit K** attached hereto and made a part hereof).

45.     The Tax Sale proceeded on June 28, 2023, during which the Tax Certificate for the Property was sold to the Bank for the sum of $191,366.64.  (*See* **Exhibit L** attached hereto and made a part hereof).

46.     The Tax Sale Certificate for the Property was recorded in the Camden County Clerk's Office on August 17, 2023.  (*See* **Exhibit M** attached hereto and made a part hereof).

47.     Sometime after July 1, 2025, Williams received a pre-foreclosure notice concerning the Property.  (*See* **Exhibit N** attached hereto and made a part hereof).

48.     Since at least four (4) months prior to the demolition of the Property, the Township was aware that there existed a recorded mortgage on the Property.  On September 22, 2022, in the matter *Williams v. Township of Cherry Hill, et al*., USDC, D.N.J., Civil Action No. 1:23-cv-01946, the Township's counsel deposed Erica Potter, a representative of USAlliance. During that deposition, Potter confirmed that, as the recorded mortgage lienholder, USAlliance must be given notice of any action by the Township—such as demolition or tax sale—that would affect its interest in the Property. She stated on page 100 of the deposition transcript, "We have a security interest on the property as a result of the lien and mortgage agreement," and further clarified on page 101 that, "The collateral is the land and the structure." These statements underscored USAlliance's legal standing and the necessity of it receiving statutorily-required notice before any such action could lawfully proceed.  The Townships counsel admitted on page 98 of the deposition transcript that he had personally obtained a copy of the recorded mortgage from USAlliance.  (*See* **Exhibit O** attached hereto and made a part hereof).

49.     The statements of the Townships counsel demonstrate the Township had actual knowledge of USAlliance's lien well before the unlawful demolition on January 26, 2023, and Tax Sale on June 28, 2023, and reflect the Townships belief that it was not bound by court

orders, applicable statutes, or due process requirements in connection with the Property. Despite these obligations and the Township's explicit acknowledgment on the record of the existence of a mortgage lienholder, the Township failed to provide notice to USAlliance of either the January 26, 2023 demolition or the June 28, 2023 Tax Sale. The Township's failure to do so renders the demolition and tax sale legally void.

50.     The Township's failure to notify USAlliance of the Tax Sale violated N.J.S.A. 54:5-26 and the due process requirements set forth in *Mennonite Board of Missions v. Adams*, 462 U.S. 791 (1983), which requires actual notice to lienholders before any tax foreclosure proceedings.

51.     This action has been commenced before the expiration of two (2) years from the date of recording of the Tax Sale Certificate, and is therefore timely under NJ Rev Stat § 54:5-82 (2024).

52.     Wherefore, Plaintiff, Denise Williams, respectfully requests that the Court enter an Order:

a) declaring that the June 28, 2023 Tax Sale of 1138 Winding Drive, Cherry Hill, New Jersey 08003 was unlawful, improper, and is null and void;

b) enjoining the Bank from proceeding with foreclosure proceedings based on the Tax Certificate related to the June 28, 2023 Tax Sale of 1138 Winding Drive, Cherry Hill, New Jersey 08003;

c) granting such other and further relief as the Court deems just and proper under the circumstances; and

d) retaining jurisdiction over this matter to ensure full compliance with its Order.

### *Designation of Trial Counsel*

Please take notice that pursuant to <u>R.</u> 4-25-4, Robert H. Bembry, III, Esq. is hereby designated as trial counsel.

### *Certification*

I hereby certify that the within pleading was served in the limit of Rule 4:6-1, et seq.

### *Certification Pursuant to <u>R.</u>4:5-1*

1.      The matter in controversy is also the subject of a pending action, *Williams v. Township of Cherry Hill, et al*., USDC, DNJ, Civil Action No. 1:23-cv-01946.

2.      Another action or arbitration proceeding is contemplated as follows: None.

3.      The following parties listed should be joined in this action: None.

Dated: August 15, 2025

_____
Robert H. Bembry III
Attorney for the Plaintiff

**Of Counsel**:
Robert T Vance Jr
Law Offices of Robert T Vance Jr
123 South Broad Street, 15th Floor
Philadelphia PA 19109
267 887 0172 tel / 215 501 5380 fax

# EXHIBIT B

Robert H. Bembry III
Attorney ID No. : 019771989
50 South 16th Street, Suite 1700
Philadelphia PA 19102
215 910 1032 tel / 215 464 8628 fax



| | | |
|---|---|---|
| Denise Williams | : | Superior Court of New Jersey |
| | : | |
| | : | Civil Division, Camden County |
| Plaintiff, | : | |
| v. | : | Docket No. |
| | : | |
| Township of Cherry Hill and | : | Civil Action |
| Christiana T C/F CE1/Firstrust Bank | : | |
| | : | |
| | : | **SUMMONS** |
| Defendants. | : | |

The State of New Jersey, to the Above-Named Defendant:

Township of Cherry Hill

 The Plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this Summons states the basis for this lawsuit. If you dispute this Complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this Summons, not counting the date you received it. The address of the deputy clerk of the Superior Court is Clerk of the Superior Court, at 175 S. Broad Street, PO Box 8068, Trenton NJ 08650. If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton NJ 08625-0971. A filing fee payable to the [Clerk of the Superior Court] Treasurer, State of New Jersey and a completed case information statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

 If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If you cannot afford an attorney, you may call the Legal Services office in the county where you

live.  A list of these offices is provided.  If you do not have an attorney and are not eligible for free legal assistance, you may obtain an attorney by calling one of the Lawyer Referral Services.  A list of these is provided.

Dated: August 15, 2025

Michelle M. Smith
Clerk of Superior Court

Name /Address of Defendant to be served:

Township of Cherry Hill
820 Mercer Street
Cherry Hill NJ 08002